**Albert R. SPARACO, Jr., Plaintiff,**

v.

**LAWLER, MATUSKY & SKELLY,
et al., Defendants.**

No. 97 CIV. 6270(CM) (LMS).

United States District Court,
S.D. New York.

July 16, 2001.

---

DECISION AND ORDER DENYING DE-
FENDANTS LAWLER, MATUSKY &
SKELLY, LP, AND THOMAS VAN-
DERBEEK COSTS UNDER FED.R.
CIV. P. 68

McMAHON, District Judge.

This copyright infringement and breach of contract action was commenced by plaintiff, a surveyor, against the persons responsible (and in some instances not responsible) for the incorporation of certain aspects of a Site Plan prepared by plaintiff during the course of a construction project into a later Site Plan prepared by defendants Lawler, Ma-tusky & Skelly, LLP (LMS) and its engineer, Thomas Vanderbeek. It has been the sub-ject of several prior decisions, including two lengthy opinions by this Court following ref-erences to Magistrate Judge Lisa Margaret Smith. To summarize, the Court dismissed all the claims against all the defendants ex-cept Northern Metropolitan Foundation ("NMF") and Morris Klein, with whom plain-tiff had a contractual relationship. The court granted plaintiff summary judgment as to liability on his breach of contract claim against NMF and set the matter for an inquest on damages. At that point, plaintiff settled with NMF for $5,000.

On June 4, 2001, when it appeared that this matter would finally be resolved (in this Court, at any rate), the attorneys for LMS and Vanderbeek filed a motion for an award of costs (including attorneys' fees) pursuant to Fed.R.Civ.P. 68. On June 9, 1999, LMS had served plaintiff with an offer of judgment in the amount of $5,000.00, inclusive of all costs properly awardable under any relevant statute or other authority that had been in-curred prior to the date of the offer. Ac-cording to the affidavit of LMS's counsel, plaintiff made no response to the offer of judgment. Plaintiff ultimately recovered nothing from LMS and Vanderbeek; the claims against them were dismissed on mo-tion for summary judgment. Since the time the offer was served, LMS and Vanderbeek aver that they have collectively incurred $4,220.88 in taxable costs, $7,120.00 in time costs relating to appearances by Mr. Vander-beek, and $50,767 in attorneys' fees. As part of the final judgment in this action, they seek a judgment in their favor in that amount.

The Court previously, at an on the record conference held at a time prior to the making of this motion, denied an oral application by LMS for attorneys' fees.

The questions raised by LMS's motion are as follows:

1. Whether LMS, as a prevailing defen-dant, is entitled to an award of costs under Rule 68;

2. Whether the Court's prior on-the-rec-ord statement constituted a denial of those costs pursuant to Rule 68;

3. If not, whether equitable considerations (notably plaintiff's relative lack of means) can and do permit the court to decline to enter an award of costs to LMS and Vanderbeek;

4. Whether Vanderbeek's time charges for attending his deposition and court-ordered settlement conferences and for assisting his attorneys are "costs" that may be recompensed under Rule 68; and

5. Whether, in this case, attorneys' fees are encompassed within the meaning of the term "costs" as used in Rule 68.

All are interesting questions. However, I need only answer the first, since no less an authority than the United States Supreme Court has held that a prevailing defendant may not recover costs (whatever they be deemed to include) under Fed. R. Civ. P. 68.

Fed.R.Civ.P. 68 provides as follows:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. . . . . . . . . . . .

The purpose of Rule 68 is to encourage early resolution of claims of dubious merit. *Delta Air Lines Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). In this Court's experience, many practitioners are unaware of the Rule. However, the mandatory nature of its penalty provision—i.e., the fact that costs post-dating the offer MUST (not MAY) be awarded if the plaintiff ultimately takes less by way of judgment than the amount awarded by the trier of fact—can, in appropriate cases force plaintiffs to abandon weak claims without subjecting defendants to the unnecessary expense of full discovery. The force of the rule lies in the fact that, if the plaintiff does not ultimately collect more than the amount offered (1) it cuts off a plaintiff's right to recover attorneys' fees from the time of the offer forward a tremendous disincentive to counsel who are counting on a statutory award of fees; and (2) in certain cases, it permits a prevailing defendant to recover attorneys' fees, contrary to the usual "American" rule that bars fee shifting from a successful defendant to an unsuccessful plaintiff. *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

Plaintiff insists that the LMS defendants cannot rely on Rule 68 to recover costs and attorneys' fees because does not by its terms apply to situations in which the defendant prevails altogether—that is, where the claims against the offering defendants are dismissed entirely, as occurred here. Rather, plaintiff argues, Rule 68 costs are recoverable by an offering defendant only where the plaintiff takes something against that defendant by way of recovery, but less than the amount offered. That is, plaintiff claims that the language of Rule 68, which says, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer," means that the plaintiff must obtain a judgment in its favor (albeit one in lesser amount that the amount of the defendant's offer) before the penal provision of Rule 68 kicks in.

Strange though the pronoucements of Congress sometimes seem to us district judges, it is hard for this Court to believe that our national legislature could come up with anything as utterly irrational as a rule awarding costs to a defendant that penalizes the defendant for winning the case. Nonetheless, the United States Supreme Court has held that this is the case. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 351, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981). A majority of five justices justified this seemingly absurd result by noting that Fed.R.Civ.P. 54(d) provided for an award of costs to a prevailing defendant, notwithstanding that there are

substantive differences between the two rules, and that Rule 68 is just as successful in meeting its salutary objectives (if not more so) when the plaintiff's case is so weak that the defendant prevails altogether. Nonetheless, it appears that the LMS defendants may look only to Rule 54(d) for their costs.

The LMS defendants prefer to rely on Rule 68, rather than Rule 54(d), because the former rule has been interpreted to encompass an award of attorneys' fees in appropriate cases. However, Rule 68 itself only permits a prevailing defendant to recover attorneys' fees as "costs" when some underlying statute defines "costs" to include attorneys' fees. In this case, as the LMS defendants themselves recognize (see their Reply Affirmation at ¶ 5), that statutory authority could only be Section 505 of the Copyright Act, 17 U.S.C. § 505, which provides that attorneys' fees may be awarded to a prevailing defendant, but only when the underlying action was objectively unreasonable. I have already ruled that I will not award attorneys' fees under the Copyright Act, because that the Second Circuit's opinion in *Attia v. Society of The New York Hospital,* 201 F.3d 50 (2d Cir.1999)—which controlled the result in this case—was handed down long after plaintiff commenced his action. I see no reason to change my mind on that score today. Thus, I would not be awarding attorneys' fees to the LMS defendants even if we were proceeding under Rule 68.

For the foregoing reasons, the LMS defendants' motion for an award of costs and attorneys' fees pursuant to Fed. R. Civ. P. 68 is denied. Costs will be taxed by the Clerk of the Court in favor of all prevailing defendants in accordance with the usual rules—which, regrettably, do not include a factor for the time Mr. Vanderbeek, a named defendant, spent with his lawyers or with the Court.

The Court has signed the Final Judgment. The Clerk will tax costs and close the case.

### FINAL JUDGMENT

It is ORDERED, ADJUDGED, and DECREED as the FINAL JUDGMENT of this Court that pursuant to:

1. the Decision and Order entered on August 12, 1999, and the Partial Judgement entered on August 16, 1999, the within Action is dismissed as to Defendants DAHN & KRIEGER ARCHITECTS PLANNERS PC, and GRAHAM & ALEXANDER and the Plaintiff's Second and Third Cause of Action is dismissed against all defendants; and

2. the Order entered on November 24, 1999, awards disbursements and attorneys' fees of $22,500.00 to Defendant KRIEGER ARCHITECTS PLANNERS PC and $15,353.36 to Defendant GRAHAM & ALEXANDER; and

3. the Orders issued during the Hearing of August 10, 2000, dismisses Plaintiff's First Cause of Action as to all defendants and dismisses the Action against Defendants LAWLER, MATUSKY, SKELLY ENGINEERS LLP, and THOMAS B. VANDERBEEK and denied the award of attorneys' fees to Defendants LAWLER, MATUSKY, SKELLY ENGINEERS LLP, and THOMAS B. VANDERBEEK under Rule 68 or 17 U.S.C. § 505 and denies Plaintiff's motion under Plaintiff's motion under *Fed.R.Civ.P.* 60(*b*)(3); and

4. the remaining Plaintiff's Fourth Cause of Action is resolved by the filing of a so-Ordered Joint Stipulation of Dismissal of Plaintiff and remaining Defendants METROPOLITAN FOUNDATION and MORRIS KLEIN entered on June 5, 2001.

SO ORDERED.